# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2011

No. 10-60304
Summary Calendar

Lyle W. Cayce
Clerk

JOSE TIODORO AMAYA, also known as Jose Teodoro Amaya,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 062 626

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Tiodoro Amaya, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's decision denying his application for withholding of removal. He claims that he will be persecuted by a gang, a member of which is related to a family that Amaya holds responsible for the murder of his foster-father. According to Amaya, his foster-father was murdered, and he and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

family were threatened by the gang member's family, following the breakup of a marriage between Amaya's foster-sister and the gang member's brother.

We review the BIA's determination that an alien is not entitled to withholding of removal for substantial evidence and will not reverse the BIA's decision unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To qualify for withholding of removal, the alien "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (citation omitted). At a minimum, there must be some particularized connection between the feared persecution and the alien's race, religion, nationality, membership in a particular social group, or political opinion. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

The BIA determined that Amaya had not shown any such particularized connection, and Amaya does not assert such a connection in his petition for review. The BIA's conclusion that Amaya was threatened due to a personal dispute between his family and that of the gang member rather than due to any connection with a statutorily-protected ground is supported by substantial evidence. Put differently, the record does not compel a conclusion contrary to that reached by the BIA. *See Chen*, 470 F.3d at 1134.

The petition for review is DENIED.